UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SAMUEL NEWTON, JR., *pro se*,           :
                                         :
                    Plaintiff,           :
                                         :               **MEMORANDUM AND ORDER**
        -against-                        :               10-cv-5046 (DLI)
                                         :
BUREAU OF PRISONS,                       :
                                         :
                    Defendant.           :
---------------------------------------------------X
**DORA L. IRIZARRY, United States District Judge:**

On November 1, 2010, Plaintiff Samuel Newton, Jr. filed this *pro se* complaint against Defendant Bureau of Prisons ("BOP"). Plaintiff filed the requisite filing fee. On February 28, 2011, Defendant moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff provides little background to his allegations. Indeed, in the one-page complaint, the only description Plaintiff provides of his "statement of claim" is the following: "Arrested on 04/01/2009 and then released on 08/04/2010 for a filed federal complaint, there was no indictment, held in prison for 1 year 4 months and 3 days without an INDICTMENT. False Arrest & False Imprisonment." (Compl. at 1.) It appears that Plaintiff is asserting a claim regarding his April 1, 2009 arrest and subsequent imprisonment.

On March 18, 2009, a sealed complaint was filed in this court charging Plaintiff with theft of government property valued in excess of $1,000, and an arrest warrant for Plaintiff's arrest was issued by a magistrate judge. (*See* Docket No. 09-mj-259, Entry Nos. 1, 2.) On April 1, 2009, Plaintiff was arrested, appointed defense counsel, and arraigned by the magistrate judge, who ordered that Plaintiff be detained pending trial. (*See* Docket No. 09-mj-259, Entry

1

Nos. 4-8.) The magistrate judge also ordered that Plaintiff undergo psychiatric evaluation. On September 16, 2009 and October 1, 2009, competency hearings were held, at the end of which the court concluded that Plaintiff was not mentally capable of understanding the criminal charges against him and was, thus, not competent to stand trial. (*See* Docket No. 09-mj-259, Entry Nos. 11, 12, 13.) Plaintiff was ordered to be held in a mental health facility to determine whether it would be possible to proceed with the case against him. (Docket No. 09-mj-259, Entry No. 12.) On August 4, 2010, after subsequent hearings and medical evaluations, the court found there was no basis for continuing to hold Plaintiff, and that he should be released from custody. (*See* Docket No. 09-mj-259, Entry dated August 4, 2010.) The criminal charges were, therefore, dismissed. (*See id.*) Plaintiff was represented by counsel at all proceedings, as noted on the case docket.

Plaintiff filed this complaint on November 1, 2010. Defendant correctly notes that Plaintiff's false arrest and false imprisonment claims against the BOP may be liberally construed as asserting two possible causes of action: (1) a claim for false arrest or false imprisonment under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*; or (2) a violation of the Fourth Amendment, and resulting damages pursuant to *Bivens v. Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff seeks "[t]he amount of $146,400.00 and all items that was [sic] taken returned. Computers, ext [sic] fingerprints, D&A [sic]." (Compl. at 1.)

Defendant argues that any such claims must be dismissed for lack of subject matter jurisdiction. Plaintiff opposes the motion to dismiss, and argues that the motion has been made merely to delay the adjudication of his claim.

---

[1] As plaintiff names a federal agency as a defendant, the court construes the complaint as raising claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as opposed to 42 U.S.C. § 1983, which applies only to claims against state actors.

**STANDARD OF REVIEW**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Makarova*, 201 F.3d at 113. Additionally, the court "must accept as true all material factual allegations in the complaint," but is "not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**1.  FTCA Claim Against BOP**

To the extent that the court construes Plaintiff's complaint as asserting an FTCA claim, Defendant argues that, as a threshold matter, it is not a proper defendant under the FTCA. (Def. Mem. 4-5.) Defendant further argues that, even if the United States were substituted as the proper Defendant, any FTCA claim fails because Plaintiff failed to exhaust his administrative remedies and the court, thus, lacks subject matter jurisdiction. (Def. Mem. 5-6.)

   **a.  The BOP is not the Proper Defendant**

By enacting the FTCA, Congress waived the United States' sovereign immunity with respect to claims against the United States that seek money damages for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting

within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "The waiver of sovereign immunity under the FTCA, 28 U.S.C. § 1346(b), is strictly limited to suits predicated upon a tort cause of action cognizable under state law and brought in accordance with the provisions of the FTCA." *Finelli v. Drug Enforcement Agency*, 1993 WL 51105, at *5 (S.D.N.Y. Feb. 24, 1993). "Any suit under the FTCA must strictly comply with the terms and conditions of this waiver . . . ." *Narvaez v. United States*, 2007 WL 174141, at *3 (E.D.N.Y. Jan. 19, 2007).

The FTCA prohibits a government agency from being sued in its own name. *See* 28 U.S.C. § 2679(a). Therefore, any tort claim against the BOP, an agency of the federal government, can only be maintained against the United States. However, even if the court substitutes the United States for the BOP for the purposes of this analysis, *see, e.g.*, *Toomer v. County of Nassau*, 2009 WL 1269946, at *10 n.12 (E.D.N.Y. May 5, 2009), the claims against the United States must be dismissed due to lack of jurisdiction for the reasons discussed below.

### b. Plaintiff Failed to Present His Claim to the Appropriate Federal Agency

The Supreme Court has clearly stated, in interpreting the statutory text of the FTCA, that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, the FTCA requires that claimants first present their claims to the appropriate federal agency, and their claims must be denied in writing before claimants may file suit in federal court. *See* 28 U.S.C. § 2675. "The administrative exhaustion requirement derives from a cardinal principle of law—that the United States, as sovereign, is immune from suits in the courts of law." *Toomer*, 2009 WL 1269946, at *11 (internal quotation marks and citation omitted). Failure to comply with this requirement is jurisdictional and results in dismissal of the suit. *See Celestine v. Mount*

*Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Toomer*, 2009 WL 1269946, at *11.

Here, to the extent that Plaintiff asserts an FTCA claim, Plaintiff has failed to allege that he has exhausted his administrative remedies prior to commencing this action. Indeed, there is no evidence that Plaintiff has attempted to pursue any administrative remedies. Defendant has reviewed BOP databases and found no administrative tort claims submitted by or on behalf of Plaintiff. (Def. Mem. 6; Decl. of Rebecca Kocsis, dated Feb. 28, 2011, ¶ 4.)

In his opposition to the motion to dismiss, Plaintiff does not specify the statute under which he brings his claims, nor does he address Defendant's arguments. Rather, Plaintiff merely reiterates that there was a constitutional violation because there was "no indictment – no trial." (Pl. Opp.)

In sum, in light of the fact that Plaintiff has failed to demonstrate that he properly pursued his administrative remedies, the court lacks jurisdiction over any FTCA claim. Any such claim must be dismissed.

2.   **Bivens Claim Against the BOP**

Even if the complaint is construed as asserting a *Bivins* claim, the claim fails. A *Bivens* claim alleging the violation of a constitutional right may be brought against a federal officer in his individual capacity. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994). However, a *Bivens* claim against a federal agency is precluded. *See id.* at 510. "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Id.* at 510. Therefore, to the extent that Plaintiff's claim is construed as a *Bivens* claim, it cannot be maintained against the BOP. *See, e.g.*, *Razzoli*

*v. Executive Office of U.S. Marshals*, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010); *Sereika v. Patel*, 411 F.Supp.2d 397, 402 (S.D.N.Y. 2006). Any such claim must be dismissed.

**3.     The Complaint Is Dismissed With Prejudice**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once[,] when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations and quotation marks omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (internal quotation marks omitted). The court finds that no further amendments can cure the deficiencies in the complaint, and any attempt to replead this complaint would be futile. *See Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Therefore, the complaint against the BOP is dismissed with prejudice.

## CONCLUSION

Defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
April 28, 2011

/s/
DORA L. IRIZARRY
United States District Judge